THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| WESLEY FINLINSON and NICOLE FINLINSON<br><br>        Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [46] PLAINTIFFS' RULE 56(d) MOTION AND DENYING [32] DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:20-cv-00742<br><br>District Judge: David Barlow<br><br>Magistrate Judge: Cecilia M. Romero |

Plaintiffs brought this action against Defendant, their insurer, related to an insurance claim for damage to Plaintiffs' property. Plaintiffs brought two claims against Defendant for breach of contract and breach of the duty of good faith and fair dealing.[1] Defendant moved for summary judgment on all claims against it because Plaintiffs failed to timely identify experts to establish their claims.[2] In response to that motion, Plaintiffs filed a Rule 56(d) Motion requesting additional time to obtain materials to oppose Defendant's Motion.[3] Having considered the briefing and the relevant law, the court concludes the Motions may be resolved without oral argument.[4] For the reasons stated herein, Plaintiffs' Motion is denied, and Defendant's Motion is denied without prejudice.

---

[1] Amended Complaint at 4–6, ECF No. 21, filed May 17, 2021.
[2] Defendant's Motion for Summary Judgment (Defendant's Motion), ECF No. 32, filed January 14, 2022.
[3] Plaintiffs' Rule 56(d) Motion in Response to Motion for Summary Judgment (Plaintiffs' Motion), ECF No. 46, filed March 18, 2022.
[4] *See* DUCivR 7-1(g).

## UNDISPUTED FACTS

Plaintiffs have a property insurance policy (Policy) with Defendant.[5] On or about February 22, 2020, a wind and hail storm damaged Plaintiffs' property, and Plaintiffs sought coverage under the Policy.[6] In March 2020, Defendant sent an adjuster to inspect the damage and ultimately concluded that the estimated covered damages did not exceed Plaintiffs' deductible.[7] On or about April 1, 2020, Plaintiffs hired a public adjuster to inspect the property; his report concluded that total roof replacement was needed and estimated the cost of all repairs as $54,568.29.[8] In May 2020, Defendant reviewed the adjuster's report and estimated covered damages at $8,769.22.[9] Again, Defendant indicated it was "not allowing the replacement of the roof, as photos do not show this is warranted."[10]

Plaintiffs later filed this case which was removed to this court on October 26, 2020.[11] Defendant filed a motion to dismiss on October 30, 2020.[12] The court granted this motion on April 15, 2021.[13] Plaintiffs filed the Amended Complaint on May 17, 2021.[14] On June 29, 2021, Magistrate Judge Romero entered the First Amended Scheduling Order providing that Plaintiffs' expert disclosures and reports were due October 18, 2021.[15] On October 12, 2021, Judge Romero granted the parties' Stipulated Motion to Extend Fact Discovery.[16] This was in part because Plaintiffs had yet to respond to Defendant's discovery requests. The fact

---

[5] Amended Complaint at ¶¶ 5–6; *see also* Plaintiffs' Motion at ¶ 1.
[6] Amended Complaint at ¶ 7.
[7] March 9, 2020 Letter, Exhibit 1 to Defendant's Motion, ECF No. 46-1; *see also* Plaintiffs' Motion at ¶ 5.
[8] Utah Public Adjuster's Report, Exhibit 3 to Defendant's Motion, ECF No. 46-3; *see also* Plaintiffs' Motion at ¶ 6.
[9] May 29, 2020 Letter, Exhibit 4 to Defendant's Motion, ECF No. 46-4; *see also* Plaintiffs' Motion at ¶ 7.
[10] *See id.*
[11] *See* Notice of Removal, ECF No. 2, filed October 26, 2020.
[12] ECF No. 11.
[13] Minute Order dated April 15, 2021, ECF No. 18.
[14] ECF No. 21.
[15] ECF No. 25; *see also* Plaintiffs' Motion at ¶ 18.
[16] Order dated October 12, 2021, ECF No. 27.

discovery deadline was extended to allow Plaintiffs an opportunity to respond to discovery

requests, but "[a]ll other deadlines in the Amended Scheduling Order (ECF 25) remain

unchanged."[17] Plaintiffs did not disclose any experts or reports by the requested deadline nor

did they seek any extension.[18]

On December 3, 2021, Defendant moved for an extension of time to disclose its

experts.[19] Judge Romero ordered Plaintiffs to submit a response or notice of non-opposition

to Defendant's motion for an extension of time.[20] Plaintiffs did not respond to or oppose the

motion.[21] On December 8, 2021, Judge Romero granted Defendant's motion to extend its

expert disclosure deadline.[22] The deadline for Defendant to provide expert disclosures and

reports was extended in part because Plaintiffs had still yet to respond to Defendant's original

discovery requests.[23] However, "[a]ll other deadlines in the Amended Scheduling Order (ECF

25) remain unchanged."[24]

On January 14, 2022, Defendant filed a Motion to Dismiss for Failure to Prosecute[25]

as well as the pending Motion for Summary Judgment.[26] Plaintiffs filed an opposition to the

Motion to Dismiss on February 4, 2022.[27] Therein, Plaintiffs' counsel detailed various

circumstances that led to him being out of the office for multiple weeks in November and

December 2021.[28] Furthermore, Plaintiffs' counsel further stated that his paralegal also had

---

[17] *Id.*
[18] *See generally* Docket; *see also* Plaintiffs' Motion at ¶ 19.
[19] Motion for Extension of Time, ECF No. 28, filed December 3, 3021.
[20] Order dated December 6, 2021, ECF No. 29.
[21] *See* Order dated December 8, 2021, ECF No. 30; *see also* Docket.
[22] *See id.*
[23] *See id.*
[24] *Id.*
[25] ECF No. 31.
[26] ECF No. 32.
[27] Plaintiffs' Opposition to Defendant's Motion to Dismiss for Failure to Prosecute (Plaintiffs' Opposition), ECF No. 33.
[28] *See id.*at ¶¶ 32–41.

unexpected medical issues, and his associate had COVID for a week in December 2021.[29] Plaintiffs' counsel also indicated that he "mistakenly interpreted" the First Amended Scheduling Order as "an extension of all expert disclosures."[30] The opposition also provided that Plaintiffs would not oppose a dismissal without prejudice.[31]

On February 11, 2022, the parties submitted a stipulated motion for an extension of time for Plaintiffs to respond to Defendant's motion for summary judgment.[32] The court granted the motion and extended the deadline for Plaintiffs to respond to February 18, 2022.[33] On February 18, 2022, Defendant withdrew its Motion to Dismiss.[34] On February 18, 2022, the parties again filed a stipulated motion requesting an extension for Plaintiffs to respond to the motion for summary judgment.[35] On February 22, 2022, the court granted Plaintiffs an extension to respond to the motion by February 25, 2022.[36] On February 25, 2022, Plaintiffs filed another motion requesting an extension to respond to the motion for summary judgment, again laying out counsel's medical and staffing circumstances, and in part indicating they needed additional time to obtain declarations to oppose the motion.[37] On February 28, 2022, the court granted the motion extending the deadline to March 11, 2022.[38]

Plaintiffs did not file the opposition on March 11, 2022.[39] Plaintiffs' counsel indicated the court filing system was experiencing outages and the parties could not file a stipulated motion for an extension that day.[40] No further extension, stipulated or otherwise, ever was

[29] Plaintiffs' Motion at ¶¶ 36–39.
[30] Plaintiffs' Opposition at ¶ 18.
[31] See id. at 9.
[32] ECF No. 34.
[33] See Order dated February 14, 2022, ECF No. 36.
[34] Withdrawal of Motion, ECF No. 38.
[35] Stipulated Motion, ECF No. 39.
[36] Order dated February 22, 2022, ECF No. 41.
[37] Plaintiffs' Motion for Extension at 5–6, ECF No. 42, filed February 25, 2022.
[38] Order dated February 28, 2022, ECF No. 44.
[39] See Docket.
[40] See Remark, ECF No. 45.

filed with the court.[41] Eventually on March 18, 2022, Plaintiffs filed a Rule 56(d) Motion

asking that the court give them until April 1, 2022 to obtain expert affidavits and materials to

oppose the motion.[42] Plaintiffs' counsel again reiterated the circumstances that led to him

being out of the office for multiple weeks in November 2021 and his misunderstanding of the

scheduling order.[43]

On March 25, 2022, Plaintiffs filed a Motion to Extend Expert Discovery Deadlines

which was referred to Judge Romero.[44] Plaintiffs requested that the court allow them until

April 1, 2022 to file their expert disclosures.[45] Defendant opposed the motion.[46] Plaintiffs did

not file their expert disclosures on April 1. Instead, on May 20, Plaintiffs attached their

untimely expert disclosures to their reply in the briefing before Judge Romero.[47] Two of the

three individuals or companies listed were previously disclosed in Plaintiffs' Initial

Disclosures.[48]

Judge Romero denied Plaintiffs' Motion for Extension of Time for lack of good cause

and for failing to show excusable neglect.[49] Among other things, Judge Romero noted that

much of Plaintiffs' counsel's explanation for missed deadlines occurred several weeks after

the expert deadline had already passed.[50] She further concluded that "the Court is not able to

---

[41] *See* Docket.
[42] Plaintiffs' Motion at 1, ECF No. 46.
[43] *Id.* at ¶¶ 17–19, 32–50.
[44] ECF No. 47.
[45] *Id.* at 1.
[46] Defendant's Response to Plaintiffs' Motion to Extend Expert Discovery Deadlines, ECF No. 55, filed April 22, 2022.
[47] Reply in Support of Plaintiffs' Motion to Extend Expert Discovery Deadlines at 4 (Plaintiffs' Reply), ECF No. 58, filed May 20, 2022.
[48] *See id.* at 3–4.
[49] Order dated May 26, 2022, ECF No. 59.
[50] *Id.* at 4.

find counsel's misunderstanding of the court-ordered extensions to be good cause or excusable neglect."[51]

## STANDARD

Summary judgment is granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[52] In determining whether there is a genuine dispute of material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[53] Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[54]

## ANALYSIS

## I.     PLAINTIFFS HAVE NOT MET THE RULE 56(d) STANDARD.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Plaintiffs ask the court to allow them additional time to obtain expert materials to oppose Defendant's motion.[55]

The Tenth Circuit has determined that, "a non-movant requesting additional discovery under Rule 56(d) must specify in the affidavit (1) the probable facts not available, (2) why

---

[51] *Id.*

[52] Fed. R. Civ. P. 56(a).

[53] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[54] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 944 (10th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[55] Plaintiffs' Motion at 1.

those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[56] The Tenth Circuit has instructed that Rule 56(d) motions are to be "robust."[57] If the party filing the Rule 56(d) motion has been "dilatory," relief is not warranted.[58]

Plaintiffs' counsel submitted a declaration explaining his misunderstanding of the case deadlines, as well as health difficulties related to himself, his assistant, and his associate leading to time out of the office in November and December 2021.[59] He also identifies what he believes the expert testimony will show.[60] However, the declaration is insufficient in showing why those facts cannot be "presented currently" and that Plaintiffs were not dilatory in trying to obtain expert reports and disclosures.

According to Tenth Circuit precedent, "[e]xcusable neglect requires 'some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified."[61] To determine if Plaintiffs' neglect in disclosing their experts in a timely manner is excusable, the court considers four factors: "1) the danger of prejudice to the opposing party, 2) the length of delay caused by the neglect and its impact on judicial proceedings, 3) the reason for delay, and whether it was in the reasonable control of the nonmoving party, and 4) the existence of good faith on the part of the moving party."[62]

---

[56] *Adams v. C3 Pipeline Constr.*, 30 F.4th 943, 968 (10th Cir. 2021) (internal quotation marks and citations omitted).
[57] *Id.*
[58] *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (referring to the previous version of Rule 56(d) numbered as Rule 56(f)); *see also Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006) (analyzing former Rule 56(f) and concluding that it "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery").
[59] *See* Declaration of Ryan Nord, ECF No. 46-1.
[60] *Id.* at ¶ 32.
[61] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017) (citation omitted).
[62] *Hamilton v. Water Whole Int'l Corp.*, 302 Fed. App'x 789, 798 (10th Cir. 2008).

Similarly, "[g]ood cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[63]

Magistrate Judge Romero's analysis on this is informative and persuasive.[64] She declined to extend Plaintiffs' deadline to designate and disclose experts because Plaintiffs failed to show good cause and excusable neglect. As Judge Romero noted, the unfortunate medical issues involving Plaintiffs' counsel, his assistant, and his associate, all occurred several weeks after the expert deadline had passed on October 18, 2021.[65] Missing a deadline based on an illness almost a month later does not show good faith on behalf of Plaintiffs.

Additionally, Plaintiffs' counsel indicates that he misunderstood the scheduling orders. However, the orders do not seem to support counsel's misunderstanding. For example, the First Amended Scheduling Order clearly provided that Plaintiffs' expert disclosures and reports were due October 18, 2021.[66] On October 12, 2021, Judge Romero granted the parties' Stipulated Motion to Extend Fact Discovery.[67] Again, this order was clear that the fact discovery deadline was extended to allow Plaintiffs an opportunity to respond to discovery requests, but "[a]ll other deadlines in the Amended Scheduling Order (ECF 25) *remain unchanged*."[68] Plaintiffs did not disclose any experts or reports by the requested deadline nor did they seek any extension.[69] Almost two months later, after Plaintiffs failed to respond to Defendant's motion for an extension, Judge Romero granted Defendant's motion

---

[63] *Utah Republican Party*, 678 Fed. App'x at 700–01 (citation omitted).
[64] *See* Order dated May 26, 2022 at 3–5.
[65] *See* Nord Declaration at ¶¶ 9–15 (detailing various medical issues beginning November 13, 2021 through December 2021).
[66] ECF No. 25; *see also* Plaintiffs' Motion at ¶ 18.
[67] Order dated October 12, 2021, ECF No. 27.
[68] *Id.* (emphasis added).
[69] *See generally* Docket; *see also* Plaintiffs' Motion at ¶ 19.

to extend its expert disclosure deadline.[70] The deadline for Defendant to provide expert

disclosures and reports was extended, however, "[a]ll other deadlines in the Amended

Scheduling Order (ECF 25) *remain unchanged*."[71] This modification occurred almost two

months after Plaintiffs' deadline had already passed and clearly indicated it did not change

any other part of the First Amended Scheduling Order.

Furthermore, Plaintiffs' counsel gave no indication that he attempted to secure the

necessary expert reports until February 2022.[72] Indeed, counsel seems to imply that he had

made no effort to obtain experts until that time, even though the case had been filed around

October 2020 and scheduling orders had been entered detailing expert deadlines.

Furthermore, in the Rule 56(d) motion, Plaintiffs requested until April 1, 2022 to obtain the

expert materials. Yet, even then, Plaintiffs did not file expert disclosures until May 20, 2022,

as an attachment to the briefing before Judge Romero.[73] This seems to demonstrate a pattern

of Plaintiffs' failure to follow both court-ordered deadlines and their own representations to

the court.[74]

As to the other factors, the failure to timely disclose experts led to a seven-month

delay. This impacted the proceedings by requiring Defendant to file the motion to dismiss and

the present motion. Defendant was prejudiced by having to file the motions and respond to

Plaintiffs' untimely request to extend discovery deadlines. As the court will address below,

this prejudice does not apparently prevent Defendant from being able to defend the merits of

---

[70] Order dated December 8, 2021, ECF No. 30; *see also* Docket.
[71] Order dated December 8, 2021, ECF No. 30 (emphasis added).
[72] *See* Nord Declaration at ¶¶ 19–20.
[73] *See* Plaintiffs' Expert Disclosures, ECF No. 58-1, filed May 20, 2022.
[74] *See, e.g.*, Docket (failing to timely provide expert disclosures), *id.* at ECF Nos. 27, 30 (failing to respond to discovery requests served August 30, 2021), *id.* at ECF Nos. 29–30 (failing to follow court order to submit response to motion), *id.* at ECF Nos. 44–46 (failing to timely file an opposition until one week after experiencing technical issues without requesting an extension).

the case, but it did cause unnecessary delays and expenses. This does not warrant relief for Plaintiffs under Rule 56(d).

The court cannot find good cause or excusable neglect on behalf of Plaintiffs. Therefore, Plaintiffs' dilatory actions prevent the court from granting the Rule 56(d) motion, and the motion is denied.

## II.   DEFENDANT'S SUMMARY JUDGMENT MOTION IS DENIED WITHOUT PREJUDICE.

Defendant's sole basis for moving for summary judgment is that without any experts, Plaintiffs cannot meet the burden of proof on their claims.[75] Plaintiffs did not respond to the merits of this argument.[76] Briefing on Defendant's motion was completed on April 22, 2022.[77] However, the briefing on Plaintiffs' request to Magistrate Judge Romero to extend their expert deadlines was not completed until May 20, 2022.[78] Plaintiffs attached, apparently for the first time, their untimely expert disclosures to their reply in support of that motion.[79] Because briefing was complete on the motion for summary judgment, neither party addressed the impact, if any, of these untimely expert disclosures on Defendant's motion. Furthermore, at the time Defendant filed its motion on January 14, 2022, Plaintiffs still had not responded to Defendant's outstanding discovery requests.[80] However, it appears that Plaintiffs responded to these discovery requests on February 10, 2022.[81] Neither party addressed the impact, if any, of these responses on the pending motion. The evidentiary support for many of

---

[75] *See* Defendant's Motion at 6–14.
[76] *See generally*, Plaintiffs' Motion.
[77] *See* Defendant's Reply in Support of Motion for Summary Judgment, and Response to Plaintiffs' Rule 56(d) Motion, ECF N. 54, filed April 22, 2022.
[78] *See* Plaintiffs' Reply, ECF No. 58.
[79] *See* Plaintiffs' Expert Disclosures, ECF No. 58-1.
[80] *See* Defendant's Motion at ¶ 17.
[81] Plaintiffs' Motion at ¶ 17; *see also* Plaintiffs' Reply at 2.

the "undisputed facts" appears to come from the Amended Complaint, and it is unclear if the discovery responses impact any of the allegedly undisputed facts.

While it appears that some or all of the Plaintiffs' claims may require expert testimony, because of the lack of clarity involving the allegations in the Amended Complaint, and the unknown impact of the discovery responses, the court cannot conclude that all of Plaintiffs' claims require expert testimony. For example, in the briefing, it is undisputed that according to the Amended Complaint, Plaintiffs allege that Defendant acted in bad faith in multiple ways.[82] Yet it appears Defendant's discovery requests ask for clarification on some of these allegations.[83] Without the benefit of knowing exactly what Plaintiffs' claim is based on, the court is prevented from clearly determining which part of Plaintiffs' claims, or even which claim, requires expert testimony. Given that the court is to "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant,"[84] it cannot presently conclude that there is no genuine dispute as to any material fact that Defendant is entitled to judgment as a matter of law.

Furthermore, Defendant's basis for seeking summary judgment is based on Plaintiffs' failure to follow court rules and procedure; it is not based on the merits of the case. While addressed in the briefing before Judge Romero, Plaintiffs' discussion on these procedural failures and the prejudice suffered is relevant to the motion for summary judgment. There, Plaintiffs argued that there are "less harsh remedies available to the Court" rather than denying them the opportunity to belatedly disclose their experts.[85] As Plaintiffs acknowledge, the remedy of denying them the opportunity to disclose experts "would be akin to a dismissal

---

[82] *See* Plaintiffs' Reply at ¶ 10 (admitting the allegation as quoting the Amended Complaint).
[83] *See* Defendant's First Set of Discovery Requests to Plaintiffs at 6–7, ECF No. 32-6.
[84] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).
[85] Plaintiffs' Reply at 7–8.

of their case"[86] Plaintiffs suggest that the court could permit the untimely disclosure and enter an order that further failures may lead to sanctions including fines and attorneys' fees.[87]

Typically, cases should be decided on the merits rather than procedural failings, but the court cannot simply overlook the repeated failures here. Plaintiffs' suggestion that an additional order be entered that promises specific consequences if Plaintiffs' counsel again fails to meet court deadlines is insufficient to redress the multiple failures here. Yet without the benefit of discussion of other potential remedies in lieu of summary judgment in favor of Defendant, as well as the impact, if any, of the belated expert disclosures and discovery responses, summary judgment is not warranted at this time. Defendant's motion is denied without prejudice.

## ORDER

For the reasons stated herein, Plaintiffs' Rule 56(d) Motion is denied, and Defendant's Motion for Summary Judgment is denied without prejudice. Defendant is granted leave to refile a motion for summary judgment addressing what effect, if any, the belated expert disclosures and discovery responses have, together with other potential appropriate remedies against Plaintiffs' counsel, including sanctions to address the cost of unnecessary motion practice, that might serve as an alternative.

DATED July 14, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[86] *Id.* at 8; *see also id.* at 6 (acknowledging that without experts, "it would be difficult, if not impossible, to identify the extent of the damages Plaintiffs have suffered.").
[87] *Id.* at 8.