THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WESLEY FINLINSON and NICOLE FINLINSON, <br><br> Plaintiffs, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [62] DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:20-cv-00742-DBB-CMR <br><br> District Judge David Barlow |

The matter before the court is Defendant Safeco Insurance Co. of America's ("Safeco") Renewed Motion for Summary Judgment.[1] Plaintiffs Wesley Finlinson and Nicole Finlinson (collectively "Plaintiffs") brought an action against Safeco for breach of contract and breach of the duty of good faith and fair dealing for an insurance dispute over a property claim.[2] Having considered the briefing and relevant law, the court determines that oral argument would not materially assist the court.[3] For the reasons below, the court denies Safeco's motion and instead orders other relief.

## UNDISPUTED FACTS

Safeco issued Plaintiffs an insurance policy for their property.[4] In February 2020, a storm damaged the property and Plaintiffs filed a claim (the "Claim").[5] Safeco's adjuster determined

---

[1] Def. Renewed Mot. for Summ. J. ("Renewed MSJ"), ECF No. 62, filed Sept. 8, 2022.
[2] Am. Compl. 4–6, ECF No. 21, filed May 17, 2021.
[3] *See* DUCivR 7-1(g).
[4] Am. Compl. ¶¶ 5–6.
[5] *Id.* ¶¶ 7–8.

that the amount of estimated covered damages was below the policy's deductible.[6] In response, Plaintiffs hired a public adjuster, Matthew Jenson ("Mr. Jenson"), to prepare an estimate.[7] Mr. Jenson concluded that the storm damage necessitated replacement of the roof and other areas of the house at a cost of $54,568.29.[8] Safeco reviewed Mr. Jenson's report and reinspected the property.[9] After its review, Safeco estimated $8,769.22 in damages and said that it would cover the replacement of some parts of the property but not the roof.[10]

Plaintiffs filed suit in Utah state court.[11] They claimed that they had incurred significant damages when Safeco materially breached the policy by "failing to timely and fully pay Plaintiffs for covered losses"—including a roof replacement and "necessary interior repairs"—and failing to "properly investigate the Claim."[12] Plaintiffs also alleged that Safeco breached the duty of good faith and fair dealing on several grounds.[13]

Safeco removed the case on October 26, 2020.[14] Plaintiffs filed their Amended Complaint on May 17, 2021.[15] In their Initial Disclosures served in June 2021, Plaintiffs identified themselves, Mr. Jenson, and a corporate representative of Black Rock Roofing as individuals

---

[6] *Id.* ¶ 15; Letter from Charles Michel, Mar. 9, 2020, ECF No. 32-1, filed Jan. 14, 2022; Email from Wesley Finlinson, May 29, 2021, ECF No. 32-2, filed Jan. 14, 2022.
[7] Utah Public Adjusters Rep. ("Jenson Report"), Ex. F, ECF No. 62-1, filed Sept. 8, 2022. Public adjusters are sometimes hired by plaintiffs during insurance disputes to inspect property and to evaluate damage. *See, e.g.*, *Andersen v. Foremost Ins.*, No. 1:20-cv-00115, 2022 WL 808051, at *1 (D. Utah Mar. 17, 2022).
[8] Jenson Report 2, 15.
[9] Email from Charles Michel, May 29, 2020, ECF No. 32-4, filed Jan. 14, 2022; Mem. Decision & Order Denying Pls. Rule 56(d) Mot. & Denying Def. Mot. for Summ. J. ("MSJ Order") 2, ECF No. 61, filed July 14, 2022.
[10] Email from Charles Michel.
[11] Compl. ¶¶ 15–29, ECF No. 2-1, filed Oct. 26, 2020.
[12] Am. Compl. ¶¶ 28–29, 32; *see* Pls. Resps. to Def. First Set of Interrog. ("Pls. Resp. Interrog.") 1–2, Ex. D, ECF No. 62-1, filed Sept. 8, 2022.
[13] Am. Compl. ¶ 37 (failing to properly investigate, evaluate, or pay and settle the Claim; failing to comply with applicable Utah law; failing to timely respond; misrepresenting the policy; asserting standards not in the policy; and failing to treat the insured as a lay person).
[14] Notice of Removal, ECF No. 2, filed Oct. 26, 2020.
[15] Am. Compl.

with discoverable information.[16] Also in June, the parties filed a stipulated motion to amend the scheduling order.[17] Magistrate Judge Romero granted the motion and specified October 11, 2021 for close of fact discovery and October 18, 2021 as the deadline for expert disclosures.[18] On August 31, 2021, Safeco served Plaintiffs with its First Set of Discovery Requests.[19] On October 11, the parties moved for more time to complete fact discovery.[20] Judge Romero extended the fact discovery deadline to one month after Plaintiffs served responses to Safeco's discovery requests.[21] She specified that "[a]ll other deadlines in the Amended Scheduling Order . . . remain[ed] unchanged."[22]

On December 3, 2021, Safeco moved to extend their deadline for expert disclosures and reports.[23] It explained that because Plaintiffs had not yet provided their initial discovery responses, it would be unable to finalize its expert disclosures.[24] After Plaintiffs failed to respond to the motion despite a court order to do so,[25] Judge Romero extended Safeco's deadline to provide expert disclosures and reports to sixty days after Plaintiffs responded to Safeco's initial discovery requests.[26] She reiterated that there were no changes to the other deadlines.[27]

---

[16] Pls. Initial Disclosures, Ex. A, ECF No. 62-1, filed Sept. 8, 2022.
[17] ECF No. 23.
[18] ECF No. 25.
[19] Ex. B, ECF No. 62-1.
[20] ECF No. 26.
[21] ECF No. 27.
[22] Id.
[23] ECF No. 28.
[24] Id.
[25] See ECF No. 29.
[26] ECF No. 30.
[27] Id.

On January 14, 2022, Safeco filed its Motion to Dismiss for Lack of Prosecution[28] and its initial Motion for Summary Judgment.[29] Safeco withdrew its motion to dismiss.[30] On February 10, 2022, Plaintiffs submitted their responses to Safeco's initial discovery requests.[31] On February 11 and February 18, 2022, the parties filed motions to extend the time for Plaintiffs to respond to the summary judgment motion,[32] which the court granted.[33] On February 25, Plaintiffs asked for another extension due to medical and staffing issues.[34] The court subsequently ordered a deadline of March 11, 2022.[35] Plaintiffs did not file an opposition on that date. Instead, Plaintiffs' counsel indicated three days later that the parties could not file a stipulated motion for an extension of time due to outages in the court filing system.[36] No extension request, stipulated or otherwise, was ever filed.[37] Plaintiffs then filed a Rule 56(d) motion on March 18, 2022.[38]

One week later, Plaintiffs filed their Motion to Extend Expert Discovery Deadlines.[39] Safeco opposed the motion.[40] The court stayed the remaining discovery deadlines until resolution of Safeco's motion for summary judgment.[41] On May 20, 2022, Plaintiffs attached their untimely expert disclosures to their reply in support of the motion for an extension.[42] They disclosed three

---

[28] ECF No. 31.
[29] ECF No. 32.
[30] ECF No. 38.
[31] Pls. Resp. Interrog.
[32] ECF No. 34; ECF No. 39.
[33] ECF No. 36; ECF No. 41.
[34] ECF No. 42.
[35] ECF No. 44.
[36] ECF No. 45; *see* MSJ Order 4.
[37] *See* Docket, *Finlinson v. Safeco*, No. 2:20-cv-00742 (D. Utah, filed Oct. 26, 2020).
[38] ECF No. 46.
[39] ECF No. 47.
[40] ECF No. 55.
[41] ECF No. 53.
[42] ECF No. 58.

individuals: Mr. Jenson, David Coelo ("Mr. Coelo") of Black Rock Roofing, and Jordan Casey ("Mr. Casey") of Stout Roofing (collectively the "Plaintiffs' witnesses").[43]

On May 26, 2022, Judge Romero denied Plaintiffs' motion for an extension to expert discovery.[44] She noted that Plaintiffs' reason for the delay—health issues—began weeks after the original deadline for expert disclosure had passed the previous October.[45] Additionally, she rejected as insufficient Plaintiffs' alleged misunderstanding of the court's previous discovery extensions.[46] Thus, she found no good cause or excusable neglect on behalf of Plaintiffs to extend the deadline.[47]

This court next addressed the Rule 56(d) motion and the motion for summary judgment. The court could not find good cause or excusable neglect for Plaintiffs' request for more time to provide expert disclosures. However, the court denied the motion for summary judgment without prejudice on July 14, 2022 because neither party had addressed the effect of the untimely expert disclosures and discovery responses, nor "other potential remedies in lieu of summary judgment."[48] The court granted Safeco leave to refile to address "what effect, if any, the belated expert disclosures and discovery responses have, together with other potential appropriate remedies against Plaintiffs' counsel, including sanctions to address the cost of unnecessary motion practice, that might serve as an alternative."[49]

---

[43] Pls. Expert Disclosures, ECF No. 58-1, filed May 20, 2022.
[44] Order Denying Mot. for Extension of Time ("Denying Extension"), ECF No. 59, filed May 26, 2022.
[45] *Id.* at 4. Plaintiffs aver that counsel was unavailable for most of November due to surgery. Decl. of Ryan M. Nord ("Nord Decl.") ¶¶ 9–11, ECF No. 46-1, filed Mar. 18, 2022. In addition, Plaintiffs' counsel had medical issues throughout December, and the junior counsel had COVID for a week in December. *Id.* ¶¶ 12–15.
[46] Denying Extension 4–5.
[47] *Id.* at 1.
[48] MSJ Order 12.
[49] *Id.*

On September 8, 2022, Safeco filed its Renewed Motion for Summary Judgment.[50] Plaintiffs filed its Memorandum in Opposition on October 6, 2022.[51] Safeco submitted its reply brief on October 20, 2022.[52]

## STANDARD

Summary judgment is granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[53] In determining whether there is a genuine dispute of material fact, the court should "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant."[54] "[O]nce the movant has made a showing that there is no genuine dispute of material fact, the non-moving party must 'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[55]

## DISCUSSION

Plaintiffs did not provide timely expert disclosures and reports pursuant to Rule 26 of the Federal Rules of Civil Procedure[56] and the First Amended Scheduling Order.[57] The issue is whether Plaintiffs' failure to do so should result in summary judgment. If expert testimony is required to prove their claims and the court excludes Plaintiffs' experts as a result of their untimely disclosure, Plaintiffs cannot avoid summary judgment.[58]

---

[50] *See* Renewed MSJ.
[51] *See* Opp'n to Def. Renewed Mot. for Summ. J. ("Opp'n"), ECF No. 63, filed Oct. 6, 2022.
[52] *See* Reply in Support of Renewed Mot. for Summ. J. ("Reply"), ECF No. 65, filed Oct. 20, 2022.
[53] Fed. R. Civ. P. 56(a).
[54] *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).
[55] *S.E.C. v. Thompson*, 732 F.3d 1151, 1157 (10th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).
[56] *See* Fed. R. Civ. P. 26(a)(2)(A).
[57] ECF No. 25.
[58] *See Harris v. Remington Arms Co.*, 997 F.3d 1107, 1115 (10th Cir. 2021) ("[T]he district court's exclusion of

### I. Necessity of Expert Testimony

Safeco contends that expert testimony is required and that the untimely expert disclosures means that the court should grant it summary judgment. Plaintiffs respond that the court should excuse their late disclosures or allow their witnesses to offer lay testimony. "A court may require expert testimony where the question at issue is 'not within the common knowledge and experience of ordinary persons.'"[59] "The test for determining whether testimony must be provided by an expert is whether the testimony requires that the witness have scientific, technical, or other specialized knowledge; in other words, whether an average bystander would be able to provide the same testimony."[60] The court therefore first analyzes whether experts are needed to prove the claims for breach of contract and breach of the duty of good faith and fair dealing.

#### A. Expert Testimony Is Required for the Breach of Contract Claim.

"Under Utah law, to sufficiently plead a breach of contract claim, a plaintiff must allege '(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.'"[61] Safeco contends that causation for the alleged breach and damages must be shown with expert testimony due to the "technical issues at the heart of

---

expert testimony left the [Plaintiffs] without a basis to avoid summary judgment."); *Esposito v. United States*, 165 F. App'x 671, 676 (10th Cir. 2006) (unpublished) (granting summary judgment to defendant since the law required medical expert testimony and the plaintiff presented none).

[59] *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 339 (10th Cir. 2020) (unpublished) (citation omitted); *see Arave v. Pineview W. Water Co.*, 2020 UT 67, ¶ 61, 477 P.3d 1239 ("Expert testimony is necessary only for 'issues that do not fall within the common knowledge and experience of lay jurors.'" (quoting *Callister v. Snowbird Corp.*, 2014 UT App 243, ¶ 19, 337 P.3d 1044)).

[60] *Andersen v. Foremost Ins. Co. Grand Rapids, Mich.*, No. 1:20-cv-115, 2022 WL 4484555, at *2 (D. Utah Sept. 27, 2022) (quoting *Kirkham v. McConkie*, 2018 UT App 100, ¶ 8, 427 P.3d 444).

[61] *Balarama v. TechMatrix, Inc.*, No. 2:21-cv-00671, 2022 WL 17177624, at *2 (D. Utah Nov. 23, 2022) (quoting *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224).

Plaintiffs' breach of contract claim."[62] Specifically, Safeco argues that Plaintiffs need expert testimony to establish whether a roof replacement and "necessary interior repairs" were required and under the policy's scope of coverage.[63] Because Mr. Jenson asserted that a roof replacement is needed partly on the grounds that the roof has "multiple slopes that tie in together" and a "reasonable uniform appearance will not be possible" otherwise,[64] Safeco argues that such testimony raises "specialized roofing knowledge and expertise outside the experience of a lay juror."[65]

Plaintiffs concede that they must offer testimony for causation and damages to prevail on their breach of contract claim.[66] The question is whether such testimony will include "scientific, technical, or other specialized knowledge."[67] If their witness are excluded from offering expert testimony, Plaintiffs contend that their witnesses could still offer lay opinion testimony. Rule 701 of the Federal Rules of Evidence provides that a non-expert witness can offer opinions as long as the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[68] Plaintiffs argue that their witnesses' testimony about property damage and repair costs fall under Rule 701

---

[62] Renewed MSJ 10–12.
[63] *Id.* at 11 (citing Pls. Resp. Interrog. 2); *see Khial v. Progression Ins.*, No. 2:12-cv-00167, 2014 WL 4922600 (D. Utah Sept. 30, 2014).
[64] Jenson Report 2.
[65] Renewed MSJ 12 (citing *Jenkins v. Jordan Valley Water Conservancy Dist.*, 2013 UT 59, 321 P.3d 1049).
[66] *See* Opp'n 20–21.
[67] Fed. R. Evid. 701(c).
[68] Fed. R. Evid. 701.

because the opinions will be based on the witnesses' perceptions and help the jury determine causation and damages.[69]

Unlike the rule for expert testimony, "Rule 701 allows lay witnesses to offer 'observations [that] are common enough and require . . . a limited amount of expertise, if any.'"[70] The sort of evidence "contemplated by . . . Rule 701 relates to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences."[71] But Plaintiffs' witnesses do not purport to offer this kind of testimony.

Instead, Mr. Jenson will purportedly testify as to how wind and water damaged the roof and the house's interior; how repairs were needed and at what cost; how there is no roofing tile that would permit a spot repair so that the roof would have a "reasonably uniform appearance" or allow for a "watertight roofing system"; and how the proposed interior repairs would cause a lack of uniformity in appearance.[72] As Plaintiffs explain, "due to [Mr. Jenson's] skill, experience, and knowledge concerning damage from wind and water cost of repairs for that damage, as well as his licensure as a public adjuster . . . , [he] will provide these opinions *as an expert* at trial in this matter."[73] Mr. Jenson was disclosed as an expert, and it is clear that his testimony is not lay testimony.

---

[69] Opp'n 21.
[70] *James River Ins. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).
[71] *Id.* (quoting *Asplundh Mfg. Div. v. Benton Harbor Eng.*, 57 F.3d 1190, 1196 (3d Cir. 1995)).
[72] Pls. Expert Disclosures ¶ 1; Nord. Decl. ¶ 32.
[73] Pls. Expert Disclosures ¶ 1 (emphasis added).

Plaintiff also disclosed as experts Mr. Coelo and Mr. Casey, both of whom work for roofing companies. Mr. Coelo's expected testimony includes the wind and water damage, the resulting need for repairs, and whether replacement roof tile could create a "reasonably uniform appearance" and form a watertight roof.[74] Mr. Casey is expected to testify to the cost of roof replacement based on his review of the roof and a previous bid.[75]

So all three of these witnesses, which Plaintiffs themselves designated as experts, are plainly offered for the purpose of giving testimony that involves technical or specialized knowledge beyond that common to an ordinary person. "Lay persons are not well equipped to decide whether" a roof needs to be replaced due to wind or water damage or whether certain substitute roofing tile would create a "reasonably uniform appearance" or allow for a watertight structure.[76] "Such nuanced assessments are beyond the ken of the average juror" because they require specialized knowledge of a certain type of roof, knowledge as to how the roof was damaged, and what is required to restore the roof to a certain aesthetic and structurally-sound standard.[77] "In the absence of expert assistance, jurors would not likely possess the information or the understanding necessary to make such assessments."[78] As a result, the testimony would be improper lay opinion testimony under Rule 701.

Citing two cases as persuasive authority, Plaintiffs argue that insurance adjusters can offer testimony as lay witnesses about causation and damages. Both cases have no application here. In *Preis v. Lexington Insurance*, the Eleventh Circuit held that the district court did not

---

[74] *Id.* ¶ 2; *see* Nord. Decl. ¶ 32.
[75] Pls. Expert Disclosures ¶ 3; *see* Nord. Decl. ¶ 32.
[76] *See Jenkins*, 2013 UT 59, ¶ 16.
[77] *Id.* ¶ 17; *see Healy-Petrik and Anderson v. Foremost Ins.*, No. 2:20-cv-00611, 2022 WL 464220, at *9 n.11 (D. Utah Feb. 15, 2022).
[78] *Jenkins*, 2013 UT 59, ¶ 20.

abuse its discretion in allowing the testimony of two insurance adjusters under Rule 701.[79] Here, Plaintiffs designated the witnesses in question as experts, so *Preis* cannot support their position.[80] Further, Plaintiffs' reliance on *Rodriguez v. Geovara Specialty Insurance* is misplaced.[81] *Rodriguez* is about whether a party could present a fraud or misrepresentation defense at trial.[82] It is not about whether a public adjuster could offer lay opinion testimony about causation and damages.

In sum, the court finds that expert testimony is necessary for Plaintiffs to prove that a roof replacement and interior repairs were necessary and to prove the amount of damages.

### B. Expert Testimony Also Is Required for the Breach of Duty of Good Faith and Fair Dealing Claim.

A plaintiff may bring a suit in Utah for "breach of the covenant of good faith and fair dealing, which is an implied duty that inheres in every contractual relationship."[83] "[T]he implied obligation of good faith performance contemplates, at the very least, that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim."[84] "[W]hen an insured's claim is fairly debatable, the insurer is entitled to debate it and cannot be held to have breached the implied covenant if it chooses to" deny the claim.[85]

---

[79] *Preis v. Lexington Ins.*, 279 F. App'x 940, 943 (11th Cir. 2008) (unpublished).
[80] Pls. Expert Disclosures ¶ 1.
[81] *Rodriguez v. Geovara Specialty Ins.*, 426 F. Supp. 3d 1334 (S.D. Fla. 2019).
[82] *See id.* at 1340–41.
[83] *Blakely v. USAA Cas. Ins.*, 633 F.3d 944, 947 (10th Cir. 2011).
[84] *Id.* (quoting *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798, 801 (Utah 1985)).
[85] *Billings v. Union Bankers Ins.*, 918 P.2d 461, 465 (Utah 1996) (citations omitted).

"[E]xpert testimony is necessary in cases where the jury would be unable to determine the applicable standard of care without resorting to speculation."[86] "Where the average person has little understanding of the duties owed by particular trades or professions, expert testimony must ordinarily be presented to establish the standard of care."[87] For example, expert testimony has been required for specialized professions such as "medical doctors, architects, engineers, insurance brokers, and professional estate executors."[88]

Safeco argues that Plaintiffs have offered no timely expert testimony as to the industry standard for insurance adjusters or how Safeco's adjuster purportedly committed a breach by "failing to properly investigate" or "fairly evaluate" the Claim.[89] It asserts that without expert testimony, a jury could not resolve whether Safeco's adjuster "fell within or outside the scope of the standard of care applicable to an insurance field adjuster."[90] Safeco contends that the case presents "nuanced insurance issues that are outside the experience of the average citizen" and so "left to their own devices, jurors would be forced to speculate what constituted 'reasonable' claim handling . . . and whether that standard was met."[91] Plaintiffs argue that if the court excludes Mr. Jenson as an expert witness, they should be allowed to tender him as a fact witness for Safeco's claims handling.[92] They again urge the court to accept Mr. Jenson's testimony as lay opinion.

---

[86] *Callister*, 2014 UT App 243, ¶ 15.
[87] *United Fire Grp. v. Stake & Parson Cos.*, 2014 UT App 170 ¶ 9, 332 P.3d 394 (quoting *Wycalis v. Guardian Title*, 780 P.2d 821, 826 n.8 (Utah Ct. App. 1989)).
[88] *Id.* (citation omitted).
[89] Renewed MSJ 15.
[90] *Id.* (citing Pls. Resp. Interrog. 4–5).
[91] *Id.* (quoting *Jenkins*, 2013 UT 59, ¶ 21).
[92] Opp'n 20.

Lay testimony alone is insufficient to prove Safeco's alleged breach of the duty of good faith and fair dealing. "[E]xpert testimony may be unnecessary where the propriety of a defendant's conduct 'is within the common knowledge and experience of the layman.'"[93] However, testimony about the industry standards for insurance adjusters and whether Safeco breached those standards is not within the ken of the average juror.[94] "There is no objective measuring tape for such decisions; they require expert, nuanced analysis of matters beyond the normal experience of the average layperson."[95] For these reasons, Plaintiffs must offer expert testimony for their claims.[96]

## II. Failure to Timely Disclose Experts

Absent expert testimony, the court must enter summary judgment in Safeco's favor. Safeco argues that untimely expert disclosure is not warranted because Plaintiffs' Rule 26 violation was not substantially justified or harmless. For their part, Plaintiffs contend that the court should not grant summary judgment solely because they were late in disclosing their experts.[97] The court thus addresses whether it should strike Plaintiffs' untimely expert disclosures pursuant to Rule 26 and whether alternative remedies are instead appropriate.

---

[93] *See Keller v. Albright*, 1 F. Supp. 2d 1279, 1281–82 (D. Utah 1997), *aff'd*, 141 F.3d 1185 (10th Cir. 1998).
[94] *See Healy-Petrik*, 2022 WL 464220, at *9 ("An insurer's claim-handling procedures are outside the knowledge of an average lay juror.").
[95] *Jenkins*, 2013 UT 59, ¶ 17; *see United Fire Grp.*, 2014 UT App 170, ¶ 9 (holding that the standard of care for temporary traffic control is not within the ken of the average juror).
[96] Indeed, Plaintiffs designated Mr. Jenson "as an expert" to testify that Safeco "did not act in good faith in handling and evaluating the claim and failed to adhere to insurance adjusting standards and industry customs." Pls. Expert Disclosures ¶ 1; *see* Nord. Decl. ¶ 32. Plaintiffs' attempt to recharacterize Mr. Jenson's proposed testimony is not supported.
[97] *See* Opp'n 19 (citing *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007)).

### A. Plaintiffs' Untimely Disclosures Were Not Substantially Justified or Harmless.

"Under [R]ule 26 of the Federal Rules of Civil Procedure, a party must disclose any individual who plans to provide expert testimony, regardless of whether the individual is retained or specially employed."[98] "If a party fails to timely make these disclosures, the party's expert witness cannot testify about the new opinions unless the delay 'was substantially justified or is harmless.'"[99] "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[100] The court should consider "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[101] "Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."[102] "Failure to comply with the mandate of the Rule is harmless when no prejudice will accrue to the party entitled to disclosure."[103]

Here, Plaintiffs contend that all four factors are in their favor. First, they state that they have done everything possible to mitigate prejudice to Safeco. They claim that the delay in itself "does not establish or provide any evidence of how [it] prejudices [Safeco]'s ability to defend the

---

[98] *Khial*, 2014 WL 4922600, at *3 (citing Fed. R. Civ. P. 26(a)(2)(A)).
[99] *Harris*, 997 F.3d at 1112 (quoting Fed. R. Civ. P. 37(c)(1)); *see Andersen*, 2022 WL 808051, at *3.
[100] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid–America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).
[101] *Id.*
[102] *D.M. by & through Morgan v. Bridget Grover, PA-C*, No. 18-2158, 2021 WL 487049, at *2 (D. Kan. Feb. 10, 2021).
[103] *Id.*

case on []its merits."[104] As to the element of surprise, Plaintiffs claim that their purported expert witnesses have been disclosed to Safeco, to include Mr. Jenson's report and allowing Safeco to depose their witnesses. Next, they argue that permitting Safeco to obtain additional depositions would cure the prejudice. For the third factor, Plaintiffs contend that their untimely expert disclosures would not disrupt trial since no trial date has been set. Last, Plaintiffs reiterate that their failure to disclose was an "honest mistake . . . under extenuating circumstances" and so there was no bad faith or willfulness.[105]

1. **Prejudice**

This issue already has been decided. In the court's prior order on the Rule 56(d) motion, which is incorporated here for reference, the court found that Safeco was "prejudiced by having to file the motions and respond to Plaintiffs' untimely request to extend discovery deadlines."[106] The case has been pending for over two years. Plaintiffs' tardiness interfered with expert discovery. Without question, Plaintiffs' failure to timely disclose experts led to a seven-month delay and caused considerable unnecessary expenses through motion practice arising from Plaintiffs' counsel's failure to abide by case deadlines.

2. **The Ability to Cure the Prejudice**

Plaintiffs' argument that "prejudice could be . . . cured by an additional deposition" misses the mark.[107] It is correct that Safeco may need to be granted additional discovery as a result of Plaintiffs' belated expert disclosures. It also is correct that this case will not soon go to trial, so the delay Plaintiffs' counsel has caused will not affect the actual trial date. The prejudice

---

[104] Opp'n 20.
[105] *Id.*
[106] MSJ Order 9.
[107] Opp'n 20.

to Safeco is primarily the cost of the extra legal work that it has had to incur as a result of Plaintiffs' failure to timely disclose their experts. That can be cured by sanctions against Plaintiffs' counsel for causing the needless work.[108]

### 3. Whether Permitting the Testimony Would Disrupt the Trial

As previously noted, this case is not set for trial soon. While time and certain deadlines have passed as a result of Plaintiffs' counsel's actions, a decision not to summarily strike the belated expert disclosure will not truly delay trial here.[109]

### 4. The Moving Party's Bad Faith or Willfulness

Even if Plaintiffs' counsel's actions do not rise to the level of bad faith, counsel was culpable.[110] As noted in previous orders, he certainly has not shown "good cause or excusable neglect."[111] The medical issues involving Plaintiffs' counsel and his staff began several weeks after the expiration of the expert deadline.[112] As to Plaintiffs' purported misunderstandings about the deadline for disclosure of experts,[113] the applicable deadline was never extended. On the contrary, when the court granted an extension to the deadline for fact discovery and extended Safeco's deadline for expert disclosure, the court stated that "[a]ll other deadlines in the Amended Scheduling Order . . . remain unchanged."[114] Despite the clear language, Plaintiffs'

---

[108] Safeco also briefly asserts that is has been "seriously prejudiced in its ability to accurately assess claimed damages, necessary repairs, and repair costs" as a result of the delay. Renewed MSJ 18. This argument cites no evidence and so is not discussed further.
[109] Like many courts across the country, this court has experienced a civil trial backlog as a result of the earlier effects of COVID-19 on the ability to conduct jury trials. *See ClearOne, Inc. v. PathPartner Tech., Inc.*, No. 2:18-cv-00427, 2022 WL 1063733, at *24 (D. Utah Apr. 8, 2022).
[110] *See Martinez v. Cont'l Tire the Ams., LLC*, No. 1:17-cv-00922, 2022 WL 1202595, at *4 (D.N.M. Apr. 22, 2022).
[111] MSJ Order 2-6, 7–10; Denying Extension 3–5.
[112] *See* Nord Decl. ¶¶ 9–15 (Plaintiffs' counsel's first purported medical event was on November 13, 2021).
[113] *See* Opp'n 18–19.
[114] ECF No. 27; ECF No. 30.

counsel did not meet the deadline to disclose experts or seek a timely extension to do so.[115] These and other failures identified in previous orders "demonstrate a pattern of Plaintiffs' failure to follow both court-ordered deadlines and their own representations to the court."[116]

This is not a case where an emergency or a miscalculation caused a party to miss a deadline by a day or a week. Plaintiffs' expert disclosures were due on October 18, 2021. They filed them, without leave, on May 20, 2022, just over seven months late. Plaintiffs' counsel's explanations for the delay do not approach an adequate justification for this lengthy delay, even though they address a small part of it. The court does not find bad faith, but does find that Plaintiffs' counsel is responsible.

### B. There Is a Viable Alternate Remedy to Summary Judgment.

The "legal system strongly prefers to decide cases on their merits."[117] "[W]here the exclusion . . . has the necessary effect of a dismissal, as here, district courts should, in conjunction with the traditional *Woodworker's* inquiry, carefully explore and consider the efficacy of less drastic alternatives, ordinarily reserving the extreme sanction of dismissal for cases involving bad faith or willfulness or instances where less severe sanctions would obviously prove futile."[118] For this reason, the court previously denied Safeco's motion for summary judgment without prejudice so that the parties could brief other potential remedies.[119]

Safeco asserts in its renewed motion that alternative remedies such as monetary sanctions are warranted, but that they cannot replace summary judgment. It argues that summary judgment

---

[115] *See* Docket.
[116] MSJ Order 9.
[117] *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011).
[118] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1206 (10th Cir. 2017).
[119] *See* MSJ Order 12.

is not a sanction but rather is the "most appropriate remedy."[120] Thus, Safeco asserts that judgment in its favor is the "unavoidable legal consequence" of Plaintiffs' failure to timely designate experts under Rule 26.[121]

In response, Plaintiffs claim that "there are less harsh remedies available to the Court."[122] However, their proposed remedy is insufficient to overcome their repeated failures.[123] Plaintiffs suggest that the court could "mak[e] an order that a future failure to comply" would result in "any and all appropriate remedies, sanctions and the like."[124] Yet the court has already rejected this toothless suggestion.[125] A warning that a future failure to adhere to court-ordered deadlines would lead to monetary sanctions, a waiver of rights to object, exclusion of witnesses, or even dismissal would not cure the prejudice to Safeco from Plaintiffs' multiple failures to comply with expert disclosure requirements.

The appropriate remedy here is not, as Safeco demands, judgment in its favor. Nor is it Plaintiffs' counsel's preferred warning to do better in the future. Instead, it is that Plaintiffs' counsel make Safeco whole for the legal fees it has incurred as a result of Plaintiff's counsel's 7-month delay in disclosing experts.[126]

---

[120] Renewed MSJ 16.
[121] *Id.*
[122] Opp'n 19.
[123] MSJ Order 12.
[124] Opp'n 19.
[125] *See* MSJ Order 12 ("Plaintiffs' suggestion that an additional order be entered that promises specific consequences if Plaintiffs' counsel again fails to meet court deadlines is insufficient to redress the multiple failures here.").
[126] The court will separately enter a briefing schedule for the parties to address the amount of sanctions to be awarded Safeco. After the amount of sanctions is determined, the court will then enter a revised case management order including deadlines for any additional discovery required as a result of Plaintiffs' belated expert disclosures and a new deadline for summary judgment. The court does not address in this memorandum decision and order any basis for summary judgment other than Safeco's argument that the court should strike or ignore Plaintiffs' experts because they were disclosed late.

## ORDER

Accordingly, the court DENIES Defendant's Renewed Motion for Summary Judgment[127] without prejudice and AWARDS Defendant sanctions in an amount to be determined.

Signed January 13, 2023.

                                                      BY THE COURT

                                                      _____
                                                      David Barlow
                                                      United States District Judge

---

[127] ECF No. 62.